IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD FULLER, II,

        Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No. 2:16-CV-2298-CMK

ORDER

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court is defendant's unopposed motion to dismiss (Doc. 13). Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Defendant argues that the action must be dismissed as untimely. The court agrees. Under 42 U.S.C. § 405(g), any action for judicial review of a final decision of the Commissioner of Social Security must be brought "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." An action under § 405(g)

1

is the exclusive means to seek judicial review, see 42 U.S.C. § 405(h), and the sixty-day period is a statute of limitations, see <u>Vernon v. Heckler</u>, 811 F.2d 1274 (9th Cir. 1987).

Under the regulations, the 60-day period is presumed to begin running on the date the claimant receives notice of the agency's final decision. See 20 C.F.R. §§ 416.1481, 416.1482, and 422.210(c). Pursuant to 20 C.F.R. §§ 416.1401 and 422.210(c), it is presumed that the claimant received notice five days after the date of the notice unless the claimant demonstrates otherwise. In this case, notice of the agency's final decision is dated September 29, 2015, and contained a warning that the 60-day period within which to commence an action for judicial review would begin to run five days after this date.[1] Because plaintiff did not commence this action until September 2016 it must be dismissed as untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's unopposed motion to dismiss (Doc. 13) is granted; and
2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 9, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] The court may take judicial notice of documents not attached to the complaint but upon which the complaint necessarily relies where, as here, the authenticity of such documents is not in question. See <u>Lee v. City of Los Angeles</u>, 350 F.3d 668 (9th Cir. 2001).